IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

BRANDON BROWN,

 Plaintiff,

v.

SAMUEL SULLIVAN, individually
and as acting President
of Paine College, and
PAINE COLLEGE,

 Defendants.

CV 115-035

**O R D E R**

Before resigning as President of Paine College, George Bradley offered Plaintiff a four-year employment contract with Paine College, which Plaintiff accepted. Bradley and Plaintiff then signed an addendum to the contract, intending to give Plaintiff a severance package. Paine College soon thereafter fired Plaintiff, and Plaintiff filed this lawsuit seeking the money he claims he was owed under the contract. The parties now move for summary judgment. (Docs. 54, 57, 66.) The Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion, and **DENIES** Plaintiff's motion.

## I. Background

Bradley hired Plaintiff in 2008 to be Paine College's Vice President of Institutional Development. His title was later changed to Vice President of Institutional Advancement and then to Senior Vice President of Institutional Advancement. Plaintiff was responsible for fundraising for Paine College and reported directly to Bradley. Each year, Plaintiff received and signed letters from Bradley offering Plaintiff one-year employment contracts. (See, e.g., Doc. 87-7 at 16-22.) Bradley typically sent Plaintiff offer letters near the end of the fiscal year on June 15. (See, e.g., id.) In some of the years Plaintiff was employed at Paine College, including in 2013, Plaintiff's contracts specifically designated him an at-will employee. (See, e.g., Doc. 87-3 at 181.)

In July 2014, however, Bradley shook things up: he offered Plaintiff a four-year contract that did not contain the typical at-will language. (Doc. 87-7 at 10.) Then, in September 2014, Bradley offered Plaintiff an addendum to the July 2014 contract. (Id. at 12.) The addendum states that Plaintiff is entitled to a "severance package or compensation for any premature termination" in the amount owed "under the terms of the contract that was agree[d] to and signed on July 23, 2014." (Id. at 12.) It also states that the agreement "will be subject to the laws and Jurisdiction of the Courts in the State of South Carolina."

2

(Id.)  Bradley offered other employees similar four-year contracts. (See Doc. 96-1 at 42-43.)

The same day Bradley and Plaintiff signed the addendum, Bradley resigned from his position, and Samuel Sullivan became Acting President of Paine College. (Doc. 87-7 at 3; Doc. 87-8 at 3.) Three weeks later, Sullivan wrote Plaintiff explaining that, in his view, Plaintiff's July 2014 contract and the accompanying addendum were unenforceable and that he was eliminating the position of Senior Vice President of Institutional Advancement. (See Doc. 87-9 at 6-9.) Sullivan proposed reinstating Plaintiff as Vice President of Institutional Advancement and attached a formal offer letter, offering Plaintiff a reduced salary and returning him to an at-will position. (Id. at 10-11.) Plaintiff rejected Sullivan's offer, and Sullivan terminated Plaintiff's employment on October 9, 2014. (Doc. 87-3 at 187.)

Plaintiff filed this lawsuit in October 2014 in South Carolina state court, and Defendants timely removed the case to the District Court for the District of South Carolina. (See Doc. 1.) Defendants then moved to transfer the case to this Court. (Doc. 10.) The South Carolina District Court granted Defendants' request and transferred the case in March 2015. (Doc. 18.) The parties now move for summary judgment.

3

## II. <u>Summary-Judgment Standard</u>

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Facts are "material" if they could affect the outcome of the suit under the governing substantive law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). The Court must view the facts in the light most favorable to the non-moving party, <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in [its] favor." <u>United States v. Four Parcels of Real Prop.</u>, 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc) (internal punctuation and citations omitted).

The moving party has the initial burden of showing the Court, by reference to materials on file, the basis for the motion. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). How to carry this burden depends on who bears the burden of proof at trial. <u>Fitzpatrick v. City of Atlanta</u>, 2 F.3d 1112, 1115 (11th Cir. 1993). When the non-movant has the burden of proof at trial, the movant may carry the initial burden in one of two ways — by negating an essential element of the non-movant's case or by showing that there is no evidence to prove a fact necessary to the non-movant's case. See <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604, 606-08 (11th Cir. 1991) (explaining

4

Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). Before the Court can evaluate the non-movant's response in opposition, it must first consider whether the movant has met its initial burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Jones v. City of Columbus, 120 F.3d 248, 254 (11th Cir. 1997) (per curiam). A mere conclusory statement that the non-movant cannot meet the burden at trial is insufficient. Clark, 929 F.2d at 608.

If — and only if — the movant carries its initial burden, the non-movant may avoid summary judgment only by "demonstrat[ing] that there is indeed a material issue of fact that precludes summary judgment." Id. When the non-movant bears the burden of proof at trial, the non-movant must tailor its response to the method by which the movant carried its initial burden. If the movant presents evidence affirmatively negating a material fact, the non-movant "must respond with evidence sufficient to withstand a directed verdict motion at trial on the material fact sought to be negated." Fitzpatrick, 2 F.3d at 1116. If the movant shows an absence of evidence on a material fact, the non-movant must either show that the record contains evidence that was "overlooked or ignored" by the movant or "come forward with additional evidence sufficient to

5

withstand a directed verdict motion at trial based on the alleged evidentiary deficiency." Id. at 1117. The non-movant cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. See Morris v. Ross, 663 F.2d 1032, 1033-34 (11th Cir. 1981). Rather, the non-movant must respond with affidavits or as otherwise provided by Federal Rule of Civil Procedure 56.

In this action, the Clerk of the Court gave the parties notice of the motions for summary judgment and informed them of the summary-judgment rules, the right to file affidavits or other materials in opposition, and the consequences of default. (Docs. 56, 67.) The notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam), are thus satisfied. The time for filing materials in opposition has expired, and the motion is now ripe for consideration.

### III. Discussion

In his complaint, Plaintiff asserts five claims: (1) breach of contract; (2) breach of contract accompanied by a fraudulent act; (3) a claim for back wages under S.C. Code Ann. 41-10-50; (4) negligent misrepresentation; and (5) breach of fiduciary duty. Plaintiff contends that the Court should apply South Carolina law, and Defendants urge the Court to apply Georgia law. Plaintiff moves for summary judgment on two of his claims, and Defendants move for summary judgment on all of Plaintiff's

6

claims. Below, the Court addresses the choice-of-law issue and the merits of the parties' arguments.

**A. Choice of Law**

As noted, Plaintiff and Bradley signed an addendum to the July 2014 contract that states that the contract "will be subject to the laws and Jurisdiction of the Courts in the State of South Carolina." (Doc. 87-7 at 12.) Plaintiff thus argues that the Court should apply South Carolina law. Defendants, on the other hand, contend that the addendum is unenforceable because it was not supported by consideration. They argue therefore that choice-of-law principles require the Court to apply Georgia law.

### 1. Choice-of-Law Provision

A choice-of-law provision does not determine the law a court should apply "until it is determined that the parties have agreed to and are bound by" the provision. Schnabel v. Trilegiant Corp., 697 F.3d 110, 119 (2d Cir. 2012). Applying a choice-of-law provision before determining its validity "would presume the applicability of a provision before its adoption by the parties has been established." Id.; see Trans-Tec Asia v. M/V Harmony Container, 518 F.3d 1120, 1124 (9th Cir. 2008) ("[W]e cannot rely on the choice of law provision until we have decided, as a matter of law, that such a provision was a valid contractual term and was legitimately incorporated into the

7

parties' contract."). In deciding the validity of a choice-of-law provision, courts apply the law of the forum state. See Daugherty v. MAPCO Express Co., No. 1:10-CV-2092-KOB, 2012 WL 2357732, at *14 (N.D. Ala. June 19, 2012). The Court thus evaluates whether the addendum was supported by consideration under Georgia law.[1]

Under Georgia law, any modification to a contract must be supported by new consideration. Lotus Prop. Dev., LLC v. Greer, 630 S.E.2d 112, 114 (Ga. Ct. App. 2006) (holding that an agreement to allow a party additional time to close a real-estate deal was not a valid modification to the original contract because there was no "consideration that was in addition to and separate from the consideration given for the original contract"); Ranger Constr. Co. v. Robertshaw Controls Co., 305 S.E.2d 361, 363 (Ga. Ct. App. 1983) ("A written contract may be modified by a subsequent agreement, but such must be founded upon new consideration.").

"To constitute consideration, a performance or a return promise must be bargained for by the parties to a contract." O.C.G.A. § 13-3-42(a). "A performance or return promise is

---

[1] The Court applies Georgia law to this analysis regardless of whether Georgia or South Carolina is considered the forum state. As discussed below, if South Carolina is considered the forum state, Georgia law applies because, under South Carolina law, "the validity and interpretation of a contract is ordinarily to be determined by the law of the state in which the contract was made." Unisun Ins. Co. v. Hertz Rental Corp., 436 S.E.2d 182, 184 (S.C. Ct. App. 1993). Thus, the Court evaluates the validity of addendum under Georgia law because the addendum was made in Georgia.

8

bargained for if it is sought by the promisor in exchange for his promise and is given by the promisee in exchange for that promise." Id. § 13-3-42(b). But a promise by a party to do something that party is already required to do does not provide consideration. See BDI Laguna Holdings, Inc. v. Marsh, 689 S.E.2d 39, 42-43 (Ga. Ct. App. 2009) (holding that a promise of additional compensation to an employee was not enforceable because the payment "was something extra for which no services were rendered and no return promise was required" (footnote omitted)); Gill v. B & R Int'l, Inc., 507 S.E.2d 477, 481 (Ga. Ct. App. 1998) (holding that a promise of severance payment by an employer was unenforceable because the employee did not do or promise anything in exchange for the promise).

Here, Plaintiff accepted Bradley's four-year contract in July 2014. He then accepted the addendum offered by Bradley, which purports to guarantee Plaintiff severance pay and that South Carolina law will apply to disputes involving the contract. But Plaintiff did not provide or promise anything in exchange for the severance pay. In fact, Plaintiff testified in his deposition that he was bound under the July 2014 contract to work for Paine College for four years and that the addendum provided Paine College assurance that it was "continuing to have a senior person that was very skilled in fundraising . . . ." (Doc. 87-3 at 62-63, 69.) In other words, Paine College "got an

9

assurance that [Plaintiff] was committed to execut[ing] [the July 2014 contract] to the fullest." (Id. at 71.) But such an assurance was a promise by Plaintiff to do something he claims he was already legally obligated to do: if the July 2014 contract required Plaintiff to continue his job for four years, a promise to fulfill that promise does not constitute consideration for additional pay. The addendum thus fails for lack of consideration, and the choice-of-law provision found in the addendum is unenforceable.

**2. South Carolina Choice-of-Law Rules**

Because the addendum's choice-of-law provision is invalid, the Court must apply ordinary choice-of-law rules. When a court transfers a case under 28 U.S.C. § 1404(a) — as the South Carolina District Court did here — the transferee court generally must "apply the state law that would have been applied if there had been no change of venue." Van Dusen v. Barrack, 376 U.S. 612, 639 (1964). This Court therefore must apply South Carolina choice-of-law rules, which the South Carolina District Court would have applied had it not transferred this case. See Akin v. PAFEC Ltd., 991 F.2d 1550, 1557 (11th Cir. 1993) ("Because this case comes to this Court following a permissive change of venue from the Eastern District of Tennessee, we apply Tennessee choice of law principles in determining the applicable law.")

Under South Carolina law, "the validity and interpretation of a contract is ordinarily to be determined by the law of the state in which the contract was made," Unisun Ins. Co. v. Hertz Rental Corp., 436 S.E.2d 182, 184 (S.C. Ct. App. 1993), and "where performance is at issue . . . the law of the place of performance governs," Witt v. Am. Trucking Ass'ns, 860 F. Supp. 295 (D.S.C. 1994). "[T]he substantive law governing a tort action is determined by the state in which the injury occurred . . . ." Rogers v. Lee, 777 S.E.2d 402, 405 (S.C. Ct. App. 2015). The location of the injury, however, is not necessarily "where the results of the injury were felt or where the damages manifested themselves." Id.

Plaintiff asserts both tort and contract claims. His breach-of-contract claim is obviously a contract claim; his negligent-misrepresentation claim is a tort claim, see Lister v. NationsBank of Del., NA, 494 S.E.2d 449, 455-56 (S.C. Ct. App. 1997); his claim of breach of contract accompanied by a fraudulent act is evaluated under both standards, see id.; and his breach-of-fiduciary-duty claim is a tort claim, see Moore v. Moore, 599 S.E.2d 467, 475 (S.C. Ct. App. 2004).

The July 2014 contract was executed and performed in Georgia. Thus, Georgia law applies to Plaintiff's breach-of-contract claim. The injuries relating to Plaintiff's tort claims also occurred in Georgia. Plaintiff alleges that Paine

11

College made misrepresentations and breached its fiduciary duty to him when it fired Plaintiff from his job in Georgia. The alleged injuries thus occurred in Georgia.

In short, because the addendum Plaintiff and Bradley signed was not supported by consideration, the choice-of-law provision in that document is unenforceable, and because the South Carolina District Court would have applied Georgia law had it not transferred this case, this Court must apply Georgia law.

## B. Merits

Defendants move for summary judgment on all of Plaintiff's claims, and Plaintiff moves for summary judgment on his breach-of-contract claim and his claim of breach of contract accompanied by a fraudulent act.

### 1. Breach of Contract

Defendants contend that Plaintiff's breach-of-contract claim fails because (1) Bradley was not authorized to enter into the July 2014 contract, (2) the July 2014 contract lacks material terms, and (3) the July 2014 contract was not supported by consideration.

> i. <u>Sufficient Evidence Exists to Create a Triable Issue About Whether Bradley was Authorized to Issue the July 2014 Letter</u>

Defendants argue that Bradley was not authorized to offer multi-year contracts or to offer contracts after June 15. To support this position, Defendants cite Paine College's personnel

12

manual, which they contend restricts the President's ability to contract with employees. Section 5.2.4 of the manual states that Paine College issues its employees contracts and that "[a]greements and/or contracts are issued by the President on or before June 15th for the succeeding year." (Doc. 87-3 at 85.) And Section 5.1.1 provides that "[e]mployment of Paine College administrative and staff employees is for an unspecified term and is 'at will'" and that the "at-will nature of the employment relationship cannot be modified, changed, or waived by any representative of Paine College, except its President through a separate agreement or contract." (Doc. 87-3 at 79-80.)

"Questions of the existence and extent of an agent's authority are generally for the trier of fact." City of Gainesville v. Pritchett, 199 S.E.2d 889, 891 (Ga. Ct. App. 1973); Atlanta Limousine Airport Servs., Inc. v. Rinkler, 287 S.E.2d 395, 397 (Ga. Ct. App. 1981) ("As a general rule, the question of authority to do an act, when it is determined from disputed facts or undisputed facts from which conflicting inferences may be drawn, must be decided by the jury as a question of fact or as a question of mixed fact and law."). Defendants argue that the personnel manual restricts the President's ability to contract with employees. They contend that Section 5.2.4 prevents the President from entering into multi-year agreements and requires him to issue all contracts

13

before June 15. But questions of fact remain about the extent of Bradley's authority.

Although Section 5.2.4 says that the President issues contracts before June 15 for the next fiscal year, it does not require that he do so or restrict his ability to offer multi-year contracts. Indeed, Defendants' actions following Plaintiffs' firing indicate that the President has the authority to offer multi-year contracts after June 15. When Sullivan became Acting President, he offered Plaintiff a new contract on October 6, almost four months after the start of the fiscal year. And although Bradley entered into multi-year contracts with other employees, Defendants did not attempt to revoke those agreements as unenforceable. Thus, the Court cannot say as a matter of law that Bradley did not have the authority to execute the July 2014 contract.

ii. The July 2014 Agreement Does Not Lack Material Terms

Employment contracts in Georgia must state with some specificity the nature of the work, the place of employment, and the amount paid to the employee. See Sawyer v. Roberts, 432 S.E.2d 610, 611 (Ga. Ct. App. 1993). Defendants argue that the July 2014 agreement is unenforceable because it does not specify the nature of the work Plaintiff was to perform. But parol evidence is admissible to explain ambiguities in contracts, even contracts covered by the statute of frauds. See Capital Color

14

Printing, Inc. v. Ahern, 661 S.E.2d 578, 582 (Ga. Ct. App. 2008); ISS Int'l Servs. Sys. v. Widmer, 589 S.E.2d 820, 823-24 (Ga. Ct. App. 2003).

In the July 2014 contract, Bradley offered Plaintiff the position of Senior Vice President of Institutional Advancement and stated that "[his] duties and responsibilities [would] be determined by the President who [would] be [his] immediate supervisor." (Doc. 87-7 at 10.) Defendants argue that Plaintiff's job duties were not sufficiently defined in the contract because they were not listed and because the position of Senior Vice President of Institutional Advancement is not listed in Paine College's personnel manual. (Defendants concede that if the position were listed in the manual, their argument would fail.) But Plaintiff testified in his deposition that the senior title showed his "seniority on the cabinet level," implying that he performed the same duties as when he served as Vice President of Institutional Advancement. (Doc. 87-3 at 59.) Thus, to the extent there is any ambiguity about the nature of the work Plaintiff was to perform under the agreement, Plaintiff's testimony explains away the uncertainty.

    iii. The July 2014 Contract was Supported by Consideration

Defendants argue that the July 2014 contract was not supported by consideration because (1) Plaintiff had no plans of

15

leaving his job and (2) Plaintiff's duties and responsibilities remained the same. But in exchange for a four-year commitment from Paine College, Plaintiff committed himself to Paine College for four years. (See Doc. 87-3 at 63.) The agreement therefore was supported by consideration. See Sage Tech., Inc. v. NationsBank NA S., 509 S.E.2d 694, 697 (Ga. Ct. App. 1998) ("[A] mutual exchange of promises constitutes adequate consideration for a contract.").

In sum, because (1) there is sufficient evidence to create a triable issue about Bradley's authority to offer the July 2014 contract, (2) the July 2014 contract does not lack material terms, and (3) the July 2014 contract was supported by consideration, the Court **DENIES** Defendants' and Plaintiff's motions for summary judgment on Plaintiff's breach-of-contract claim.[2]

### 2. Negligent Misrepresentation

"To prove negligent misrepresentation, a plaintiff must show that (1) the defendant negligently supplied false information to foreseeable persons, known or unknown, (2) such persons reasonably relied upon that false information, and (3) economic injury proximately resulted from such reliance." Boeing Co. v. Blaine Int'l Grp., 624 S.E.2d 227, 231 (Ga. Ct.

---

[2] Plaintiff also claims that Defendants breached the September 2014 addendum. But because the addendum fails for lack of consideration, the Court **GRANTS** summary judgment on that claim.

16

App. 2005) (footnote omitted). Plaintiff asserts a negligent-misrepresentation claim in the alternative to his breach-of-contract claim.

Defendants contend that Plaintiff's claim fails because he should have known that Bradley was not authorized to issue the July 2014 contract. But as already discussed, there is a factual dispute about Bradley's authority. Thus, the Court cannot say as a matter of law that Plaintiff could not rely Bradley's representation. Based on Defendants' argument, the Court **DENIES** Defendants' motion for summary judgment on this claim.

### 3. Breach of Fiduciary Duty

Plaintiff asserts a breach-of-fiduciary-duty claim. Although he does not address the claim in his briefs, in his complaint, Plaintiff contends that "Plaintiff imposed a special confidence in the Defendants" and Defendants "violated their fiduciary duty owed to the Plaintiff." (Doc. 1-1 at 17.)

Under Georgia law, an employee may bring a breach-of-fiduciary-duty claim against his employer when there is a confidential relationship between the employee and employer. See Irons v. CSX Transp., Inc., 481 S.E.2d 575, 575-76 (Ga. Ct. App. 1997). But the "employer-employee relationship is usually one of arms-length bargaining," and a confidential relationship will arise only under limited circumstances. Id. Indeed,

17

"[t]he mere fact that one reposes trust and confidence in another does not create a confidential relationship." Id. at 577 (internal quotation marks omitted).

Plaintiff has not pointed to any evidence showing a confidential relationship between the parties. And nothing in the record suggests that Defendants exercised any "controlling influence" over Plaintiff or that the parties otherwise "interacted from positions of mutual confidence." Id. at 577. The Court thus **GRANTS** Defendants' motion for summary judgment on this issue.

### 4. Plaintiff's Remaining Claims

Plaintiff's claim of breach of contract accompanied by a fraudulent act and his claim for back wages under South Carolina law also fail.

#### i. Breach of Contract Accompanied by a Fraudulent Act

Plaintiff asserts a claim of breach of contract accompanied by a fraudulent act, which is a claim recognized under South Carolina law. See Lister v. NationsBank of Del., NA, 494 S.E.2d 449, 454 (S.C. Ct. App. 1997). But because Georgia law does not recognize such a claim, the Court **GRANTS** Defendants' motion for summary judgment on this claim and **DENIES** Plaintiff's.

#### ii. Back Wages Under South Carolina Law

Plaintiff contends that he is owed back wages under S.C. Code Ann. §§ 41-10-40 and 41-10-50, but these code sections

18

apply to "[e]very employer in the State" of South Carolina. S.C. Ann. § 41-10-40. Because Paine College is not an employer in the state of South Carolina, and because Plaintiff has not offered any reason why these statutes would apply in Georgia, the Court **GRANTS** Defendants' motion for summary judgment on this claim.

### IV. Conclusion

In sum, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion for summary judgment (doc. 66) and **DENIES** Plaintiff's motion for summary judgment (docs. 54, 57).

**ORDER ENTERED** at Augusta, Georgia this ___10th___ day of August, 2017.

```
_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
```